## DANIELSON v. RUA et al.

An owner conveyed land and mining ground to a grantee to secure him against loss resulting from his signing a bail bond. The bond was forfeited and the grantee paid it. He then sold the mining ground for a sum in excess of the bond. The owner sold the mining ground to a third person, who purchased the land at a delinquent tax sale. **Held,** that, in a suit by a grantee to quiet title, the third person was entitled to set up the facts, and demand as a counterclaim an accounting, together with an annulment of the deed conveying the land, under Rev. Code Civ. Proc., § 127, authorizing a defendant to set up as a counterclaim a claim arising out of the transaction set forth as the foundation of plaintiff's claim, and section 681, providing that in actions for real property, on which improvements have been made, the value thereof must be allowed as a counterclaim, did not limit the recovery to the value of improvements.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Butte County. Hon. W. G. Rice, Judge.

Action by Edward H. Danielson against Helge K. Rua and

others.. From an order overruling a demurrer to the counterclaim interposed, plaintiff appeals. Affirmed. .

*Henry Frawley* and *E. J. Frawley,* for appellant. *T. W. La-Fleiche* and *Martin & Mason,* for respondents. .

FULLER, P. J. Alleging fee simple ownership and the exclusive right of possession, plaintiff brought this action to quiet title to 320 acres of Butte county land, and each of the defendants was called upon to state the nature of and defend his adverse claim. As neither of the other defendants assert an interest adversely to the defendant Olive Richards, claiming by virtue of a tax title from Butte county, and the subject-matter of their separate answers constitutes the gravamen of her counterclaim, the only question presented by this appeal is whether the court was justified in overruling the following demurrer: "Comes now the above named plaintiff, and demurrs to the counterclaim and affirmative matter set forth in the separate amended answer of the defendant Olive Richards, upon the following grounds and for the following reasons, to-wit: (1) That said counterclaim does not state facts sufficient to constitute a cause of action or counterclaim against the plaintiff. (2) That said counterclaim does not state facts sufficient upon which a several judgment might be obtained in favor of the defendants and against the plaintiff. (3) That said counterclaim does not arise or purport to arise out of the contract or transaction set forth in the plaintiff's complaint as the foundation .of the plaintiff's claim. (4) That said counterclaim does not arise or purport to arise out of, and is not connected with, the subject of the action set forth in the plaintiff's complaint. (5) That said counterclaim does not state facts sufficient to constitute a defense to the plaintiff's cause of action."

It is disclosed by this amended answer and counterclaim that the defendant, Helga K. Rua, derived title to the land in controversy from the United States and that the warranty deed upon which the complaint is based was executed and delivered to plaintiff by Rua, together with a quitclaim deed to certain mining ground in Lawrence county, for the purpose of securing him against loss that might result from his signing a certain bail bond, the liability thereon being $1,000, conditioned upon the appearance of one Charles

Rua at a specified term of the circuit court to be held in and for Lawrence county. That as a part of the same transaction a written contract was entered into, by the terms of which neither of these deeds was to be recorded, and, in the event of forfeiture of bail by Charles Rua, plaintiff was to sell the mining property, deduct the amount of his liability on the bond from the proceeds of such sale, account to the defendant Helga K. Rua for any remaining surplus, and surrender to him the warranty deed to the land in controversy. That being obliged to pay $1,000, by reason of Charles Rua's forfeiture of bail, plaintiff sold the mining ground pursuant to such contract for $5,625, but has ever since failed and refused to pay any part of the $4,625 balance remaining after deducting the amount of the bail bond, and has also refused to surrender the warranty deed to the 320 acres of land, but, on the contrary, seeks by this action to acquire absolute title to the premises. It is shown and conceded by the answers of the other defendants that, by failing to pay the taxes lawfully assessed, Rua has since lost all his interest in such land, and that the title has become absolute in Olive Richards pursuant to the tax sale and judgment of the circuit court duly entered on the 30th day of September, 1901. Thus fee simple ownership of the premises in Olive Richards, by virtue of the tax title and the subsequent payment of taxes, is asserted in her amended answer, and, by way of the counterclaim to which the demurrer is directed, she avers in substance, that by purchasing the interest of Helga K. Rua in the mining ground, on the 26th day of May, 1896, she succeeded to all this contractual right to an accounting with plaintiff, and consequently affirmative relief in the sum of $4,625 is demanded together with a judgment annulling his pretended warranty deed and quieting her title to the 230 acres of land described in such instrument.

According to the amended answer of Olive Richards, the transaction out of which the counterclaim arose is the only foundation for plaintiff's claim of title and the quitclaim deed to the mining ground and the warranty deed in question are both intimately connected with the subject of the action. Consequently proof of the alleged circumstances under which plaintiff obtained his only evidence of title to the land would defeat his claim of proprietorship,

and establish an affirmative cause of action, good, not only as a complete defense, but as a counterclaim authorized by section 127 of the Revised Code of Civil Procedure; and there is no merit in the contention that by section 681 of such Code the counterclaim in a case of this character must be confined to the value of permanent improvements. It certainly must be true that the title to the half section of Butte county land, and the facts upon which it is founded, constitute the subject of the action, and, to defeat the warranty deed under which plaintiff claims fee simple ownership, the defendant Olive Richards has the right to rely not only upon her tax title, but any contract or transaction connected with the subject of the action and legally sufficient to make plaintiff's warranty deed operate as a mortgage which has been fully paid and ought in equity to be satisfied of record.

Responsive to the demand of the complaint that each of the defendants set forth the nature of his adverse claim, it was certainly proper for either of them to take issue with plaintiff, as to his assertion of ownership, by stating the facts and circumstances of the single transaction by which the warranty deed to the land in contorversy and the quitclaim deed to the mining ground were hypothecated to indemnify him against any loss that might result from his signing the bail bond, and, having sold the mining ground for a sum greatly in excess of such liability, it was no more than equitable that he should account in this action for the surplus pursuant to his agreement with Rua. As the defendant Richards succeeded to all the legal and equitable rights of the defendant Rua, under such contract with plaintiff, and acquired a title to the premises from the county that her codefendants concede to be perfect, no good reason exists for holding that the counterclaim in favor of Rua is not pleadable and available to her as his assignee, and the only defendant interested in the result of the action.

The order of the trial court, overruling the demurrer to the counterclaim, is affirmed.